UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-CR-00517 |
| ANDREW J. JOHNSTON, | ) ) Judge Rebecca R. Pallmeyer |
| Defendant. | ) ) |

### MEMORANDUM OPINION AND ORDER

Citing changes in the law and his own rehabilitation efforts, Andrew Johnston moves pursuant to 18 U.S.C. § 3582(c)(1)(A) for a reduction of his 151-month sentence for attempted bank robbery. The government objects, arguing that Johnston has not exhausted his administrative remedies, that there is no extraordinary or compelling reason for a sentence reduction, and that a sentence reduction would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). The parties disagree as to whether Johnston has satisfied the exhaustion requirement, but the court concludes that the motion fails on its merits and denies it.

### BACKGROUND

Following a January 2019 jury trial, Johnston was convicted for the 2017 attempted bank robbery of the Byline Bank in Harwood Heights, Illinois. (Jury Verdict [298]; Sentencing Order [342].) This court sentenced Johnston to 168 months in prison and a three-year term of supervised release. This court later denied Johnston's post-trial motions for a new trial and for judgment of acquittal. (Def.'s Mot. for New Trial [303]; Def.'s Renewed Mot. for Acquittal [304]; Def.'s Supp. Br. [305].) The Seventh Circuit affirmed Johnston's conviction and sentence. *United States v. Johnston*, 814 F. App'x 142, 144 (7th Cir. 2020). Johnston sought a writ of certiorari, but the Supreme denied that petition and a request for rehearing. *Johnston v. United States*, 141 S. Ct 1257, *reh'g denied*, 141 S. Ct. 2559 (2021). This court denied Johnston's post-conviction

petitions, and the Seventh Circuit affirmed those rulings as well. *United States v. Johnston*, No. 22-1558, 2023 WL 196191 (7th Cir. Jan. 12, 2023); *United States v. Johnston*, No. 23-1348, 2023 WL 3151080 (7th Cir. Apr. 28, 2023), *reh'g denied*, No. 23-1348, 2023 WL 3765549 (7th Cir. June 1, 2023).

In the meantime, on April 12, 2021, the government filed a Rule 35(b) motion for a 25% reduction to Johnston's sentence based on his assistance in the prosecution of a member of the Sinaloa cartel. (Pl.'s Mot to Reduce Def.'s Sentence Under Rule 35(b) [401].) This court granted the motion in part, concluding that a 25% reduction was greater than appropriate considering the § 3553 factors supporting Johnston's original sentence and his continued lack of remorse. Instead, the court reduced Johnston's sentence by 10%, from 168 months to 151 months. (Order Reducing Def's Sentence [402] at 1–2.)

On September 21, 2022, Johnston sought a further reduction of his sentence under the First Step Act. (Def.'s Mot. for Reduction of Sentence [439]; Def.'s Memorandum Supporting Mot. for Reduction of Sentence ("Def.'s Memo") [440].) Johnston alleges that because he would be sentenced under a lower advisory guideline range, if sentenced today, he is eligible for a sentence reduction; he also cites to his personal rehabilitation efforts while incarcerated.

## DISCUSSION

**I.      Legal Standard**

As a general matter, a federal court "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), but the law gives the court power to order a prisoner's early release if "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Either a prisoner himself or the Director of Bureau of Prisons may file a compassionate release motion. *Id.* When, as here, a prisoner files the motion, the court's review "involves a two-step inquiry: one, did the prisoner present an extraordinary and compelling reason for release, and two, is release appropriate under § 3553(a). *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). Determining what reasons count as "extraordinary and compelling"

2

is a matter left to the discretion of the district court "subject to deferential appellate review," and guided by the Sentencing Commission's non-binding policy statement. As for the Sentencing Commission's policy statements, courts primarily look to U.S.S.G. § 1B1.13.[1] The application notes list several circumstances that may constitute "extraordinary and compelling" reasons for release, including a defendant's "terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or some other "serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 application note (1)(a). The kind of "extraordinary and compelling" circumstances contemplated by § 3582(c)(1) would include "some new fact about an inmate's health or family status, or an equivalent post-conviction development, [but] not a purely legal contention for which statutes specify other avenues of relief." *United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023).

Section 3553(a) factors include "the nature and circumstances of the offense"; the "history and characteristics of the defendant"; and the need for the sentence to "reflect the seriousness of the offense," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)–(2). If the motion does not present an extraordinary and compelling reason to justify release, the court need not address the § 3553(a) factors. *See United States v. Newton*, 37 F.4th 1207, 1210 (7th Cir. 2022).

---

[1] The Sentencing Commission has not updated its policy statements since the First Step Act amended § 3582(c)(1)(A) in 2018. See *United States v. Black*, 999 F.3d 1071, 1074 (7th Cir. 2021). The Seventh Circuit has thus held that U.S.S.G. § 1B1.13, in its current iteration, does not constrain a district court's discretion or limit the availability of compassionate relief. See id. But the court has nevertheless recognized that U.S.S.G. § 1B1.13, and particularly its application notes, provides a helpful "working definition of 'extraordinary and compelling reasons'" under § 3582(c)(1)(A). See *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

II.     **Exhaustion of Administrative Remedies**

Johnston and the government disagree over whether Johnston exhausted his administrative remedies as required by § 3582(c)(1)(A). Johnston claims to have complied with the exhaustion requirement by serving his warden with a copy of his motion for a reduced sentence, affidavit, and memorandum of law on August 11, 2022, before filing these items with the U.S. District Court on September 21, 2022. (Def's Reply in Opposition to Pl.'s Resp. [454] at 5-6). According to the government, Bureau of Prison officials have "no record of any request for a reduction of sentence being filed by defendant prior to filing the instant motion." (Pl.'s Response in Opposition to Def.'s Mot. ("Pl.'s Resp.") [445] at 10.)  The court will assume, for purposes of this ruling, that Johnston has met the exhaustion requirement and turn to the merits of his motion.

III.    **Johnston does not identify any extraordinary and compelling reasons**

   A.     **Legal Challenges do not qualify as an extraordinary and compelling reason**

Johnston alleges that this court should reduce his sentence because new case law absolves him of the "black mark of a career offender." (Def.'s Memo at 2.) He relies on the Supreme Court's recent decision in *United States v. Taylor,* 142 S. Ct. 2015, 2020–21 (2022), where the Court held that an attempted violation of 18 U.S.C. § 1951(a)—which penalizes interference with commerce by threats or violence—does not inherently qualify as a "crime of violence" that subjects a defendant to additional § 924(c) penalties. *Id.* at 2020–21.  In Johnston's view, the *Taylor* holding should be extended to a case like his, charging a violation of 18 U.S.C. § 2113(a) (bank robbery), because the statutes are "identically worded."  (Def.'s Memo at 2.)  This court disagrees.

To begin, Johnston's legal claim is incorrect.  While it held § 924(c)(3) is unconstitutionally vague, the Supreme Court left intact other definitions of violent felonies using elements and enumerated crimes. *See Reyes v. United States,* 998 F.3d 753, 555–56 (7th Cir. 2021) (citing *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019)).  The Seventh Circuit previously confirmed that the crime of bank robbery in violation of § 2113(a) is a crime of violence under § 924(c)(3)A).

*See Reyes v. United States*, 998 F.3d 753, 758 (7th Cir. 2021) (citing *United States v. Williams*, 864 F.3d 826, 829–30 (7th Cir. 2017)) ("Reyes now concedes on appeal that bank robbery committed in violation of § 2113(a) is a crime of violence under § 924(c) even after *Davis* because bank robbery meets the elements clause in the statutory definition.")  Johnston's past robberies in violation of § 2113(a) are crimes of violence, and he remains subject to § 924(c)(3)(A) penalties for career offenders.

In any event, a claim that his criminal history was mischaracterized at sentencing would not establish a compelling reason for compassionate release.  *United States v. Von Vader,* 58 F.4th 369, 371 (7th Cir. 2023) ("[T]he sort of "extraordinary and compelling" circumstance that § 3582(c)(1) addresses is some new fact about an inmate's health or family status, or an equivalent post-conviction development, not a purely legal contention for which statutes specify other avenues of relief . . . ").  "Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction.  To permit otherwise would allow § 3582(c)(1)(A) to serve as an alternative to a direct appeal or a properly filed post-conviction motion under 28 U.S.C. § 2255."  *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022).  This principle doomed the defendant's compassionate release motion in *Von Vader*, a case nearly parallel to this one.  In *Von Vader*, after the court denied his § 2255 motion, the defendant filed a § 3582(c)(1)(A) motion claiming the district court's erroneous classification of him as a career offender constituted an "extraordinary and compelling reason" for compassionate release. *Von Vader,* 58 F.4th at 370. The Seventh Circuit affirmed denial of the § 3582(c)(1)(A) motion because Von Vader's claim was one properly "resolved by direct appeal or motion under § 2255, not by seeking compassionate release under § 3582." *Von Vader*, 58 F.4th at 371 (citing *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021); *United States v. Martin*, 21 F.4th 944 (7th Cir. 2021); *United States v. Brock*, 39 F.4th 462 (7th Cir. 2022); *United States v. King*, 40 F.4th 594 (7th Cir. 2022)). The court concluded by observing that "§ 3582(c) assuredly is not a means to obtain indirect review of a district court's

ruling, in an action filed under § 2255, that the prisoner is not entitled to equitable tolling of the statutory time limit." *Id.* at 372.

Johnston nevertheless insists that "advisory guidelines-based claims are still actionable under Section 3582(c)(1)(A)," (Def.'s Memo at 1–2) (citing *United States v. Black*, 999 F.3d 1071, 1075 (7th Cir. 2021).) He reads *Black* as "allow[ing] for sentencing reduction when there is no statute affording such a reduction but where extraordinary and compelling reasons justify that relief." (Def.'s Memo at 2.) In *Black,* the Seventh Circuit remanded the denial of a compassionate release motion because the district court had not recognized the full extent of its discretion; specifically, the district court had denied compassionate release to a prisoner who suffered from prostate cancer and was particularly susceptible to COVID-19, principally because the defendant had completed less than one-third of his sentence. *Black,* 999 F.3d at 1076. As the Seventh Circuit clarified in *Thacker*, *Black* does not hold that an allegedly excessive sentence by itself supports First Step Act relief. *Thacker*, 4 F. 4th at 576. Instead, "the First Step Act amendment and a potentially excessive pre-First Step Act sentence can only be considered with other § 3553(a) factors to determine the extent of relief a defendant is due after a court has already found an independent extraordinary and compelling reason to award such relief." *United States v. Duncan,* No. 3:03-CR-57 JD, 2022 WL 168095 (N.D. Ind. Jan. 18, 2022), citing *Thacker,* 4 F. 4th at 575–576. Unless Johnston has a compelling reason for release, unrelated to his objection to the Guideline application, the court will not grant this motion.

### B. Rehabilitation alone is not an extraordinary and compelling reason

Johnston is left with his argument that his attempts at rehabilitation warrant a sentence reduction. (Def.'s Memo at 2.) To establish the scope of his efforts, Johnston notes his (1) disciplinary record and (2) completion of the Challenge program.[2] (*Id.*) First, he refers the court

---

[2] The Bureau of Prisons website describes the Challenge Program as "a cognitive-behavioral, residential treatment program developed for male inmates in penitentiary settings," made available to "high security inmates with substance abuse problems and/or mental illnesses."

6

to his disciplinary record, which shows that seven disciplinary incidents all occurred before August 9, 2012. (BOP Disciplinary Records, Ex. 1 to Pl.'s Resp. to Def.'s Motion.) Second, Johnston points to 15 other federal courts that have "positively recognized and referred to Challenge as a critical factor." (Def.'s Memo at 2.)

The statute and case law defeat the argument that rehabilitation can, on its own, constitute an "extraordinary and compelling" reason for a sentence reduction. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). In short, rehabilitation efforts, regardless how successful, do not constitute "extraordinary and compelling reasons" for First Step Act relief. *See, e.g., United States v. Peoples*, 41 F.4th 837, 839–42 (7th Cir. 2022) (concerning alleged rehabilitation based on completion of classes, zero disciplinary infractions, and substantial efforts to save another person's life while in prison); *United States v. Kozik,* No. 08 CR 49-1, 2023 WL 3763528, at *3 (N.D. Ill. Jun. 1, 2023) (concerning alleged rehabilitation based on the defendant's remorse, completion of several programs while incarcerated, and employment as a painter and metal finisher while incarcerated). Johnston's success in the Challenge program is commendable but does not constitute an "extraordinary and compelling" reason for sentence reduction under § 3582(c)(1)(A).

## IV.     Release is inconsistent with the § 3553 factors

Because Johnston lacks an "extraordinary and compelling reason" for sentence modification, this court need not consider § 3553(a) factors. *See United States v. Ugbah,* 4 F.4th 595, 598 (7th Cir. 2021) ("Because [the defendant] cannot establish an extraordinary and compelling reason for release, it was unnecessary for the district judge to consider the § 3553(a) factors at all."); *(United States v. Kozik,* No. 08 CR 49-1, 2023 WL 3763528, at *3 (N.D. Ill. Jun. 1, 2023) ("Because [the defendant] has not established any extraordinary and compelling reason

---

https://www.bop.gov/inmates/custody_and_care/docs/20170518_BOPNationalProgramCatalog.pdf, at pg. 10 (last visited October 10, 2023).

for release, the Court need not address the § 3553(a) factors."). If the court were to reach the argument, however, it would not find Johnston's § 3553(a) arguments compelling. These factors relate generally to (1) the history and characteristics of the defendant and (2) the need for the sentence imposed to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(1); 18 U.S.C. § 3553(a)(2)(C). Johnston has reportedly maintained a clear disciplinary record during his third prison sentence, but his recidivist history remains troublesome[3], and Johnston continues to show little insight or remorse. A sentence modification does not appear to comport with § 3553(a) sentencing factors.

## **CONCLUSION**

Johnston's motion for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) [439] is denied.

ENTER:

Dated: October 11, 2023

REBECCA R. PALLMEYER
United States District Judge

---

[3] Johnston committed the offense in this case while on supervised release after a previous bank robbery conviction, one of two he has incurred. See Case No. 08 CR 1065; 13 CR 881. In the 2008 case, Johnston was sentenced to 63 months' imprisonment for robbing three banks between October 20, 2008 and November 24, 2008. (Presentence Investigative Report ("PSR") [316] at 14.) In his plea agreement, he stipulated to seven additional bank robberies between November 10, 2008, and December 30, 2008. (Id.) Johnston was on supervised release after serving a sentence in that first case when he committed the second bank robbery.